IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRYAN EUGENE GARNER, #203966 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv515 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner filed a "Motion to Reconsider 'Request for C.O.A./C.O.A.'" (Dkt. #37), which the Court construes as a motion to reconsider the final judgment in this case. On March 18, 2024, Magistrate Judge Kimberly C. Priest Johnson issued a Report and Recommendation ("the Report") (Dkt. #32) recommending that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the case be dismissed with prejudice. Petitioner filed a "Request for C.O.A./C.O.A." (Dkt. #33), which the Court construed as objections to the Report. On April 26, 2024, after reviewing the Report and conducting a *de novo* review of Petitioner's objections, the Court entered an Order of Dismissal adopting the Report and a Final Judgment dismissing the case with prejudice. (Dkt. ##35, 36). On May 8, 2024, the Clerk of Court docketed Petitioner's instant motion to reconsider. (Dkt. #37).

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Petitioners v. Williams Petitioners*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th

1

Cir. 2012) (per curiam); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ."). Petitioner filed his motion for reconsideration within twenty-eight days after entry of final judgment; thus, the Court considers this motion to be filed under Rule 59(e).

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d at 593. The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner does not offer newly discovered evidence or argue there has been an intervening change in controlling law or a need to correct manifest errors of law or fact. Rather, Petitioner reurges issues previously raised or raises arguments which could, and should, have been made before the judgment issued. Petitioner's Rule 59(e) motion is thus nothing more than a "second

bite at the apple." Thus, Petitioner fails to show that the Final Judgment should be altered or amended.

It is accordingly **ORDERED** that Petitioner's motion to reconsider (Dkt. #37) is **DENIED**.
**SIGNED this 17th day of July, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE